UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22476-RAR

**ROMAELLO D'FRANCO**,

    Plaintiff,

v.

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on United States Magistrate Judge Lauren Louis's Report and Recommendation ("Report"), [ECF No. 93], on Defendant's Motion for Partial Summary Judgment ("Motion"), [ECF No. 44]. The Report recommends granting the Motion. *See* Rep. at 1. Plaintiff has timely filed objections to the Report ("Objections"), [ECF No. 95].

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Louis's legal and factual findings to which Plaintiff objected. Upon careful review of the record, the Court agrees with Magistrate Judge Louis's recommendation.

Plaintiff raises several objections to Magistrate Judge Louis's Report, but none are persuasive. Plaintiff contends that there is legal error in the Report, because "[a] hostile work environment claim considers the cumulative effect of ongoing discrimination." [ECF No. 95] at 2. Plaintiff's basis for this contention is that his termination by management was sufficiently connected to the years of discrimination he allegedly endured from his colleagues. Rep. at 3–4 (providing factual background). Yet the Report correctly notes that Plaintiff has previously

indicated in court filings that his First Amended Complaint does "not contain a specific 'atmospheric hostile work environment claim,'" *see* Rep. at 7–8 (citing [ECF No. 67] at 2 n.1), and instead contains a claim under 42 U.S.C. § 1981 that is ultimately time-barred given that Plaintiff's termination was based on an unrelated, discrete event. Rep. at 8. To be sure, untimely discrete acts—like Plaintiff's termination from employment—may become timely if they "are sufficiently related to the hostile work environment claim." *Chambless v. Louisiana-Pacific Corp.*, 381 F.3d 1345, 1350 (11th Cir. 2007). But though Plaintiff avers that his "termination . . . is not an independent event but a direct extension of the discriminatory environment that persisted throughout [his] employment," *see* [ECF No. 95] at 2, he advances no genuine issue of material fact to rebut Defendant's conclusion that Plaintiff stole company property—the discrete basis for his ultimate termination. Rep. at 15.

Moreover, the racist comments that gave rise to this suit were perpetrated by "fellow retail store employees" who had no effect on Plaintiff's termination. *Id.* Because Plaintiff's termination is not sufficiently related to his hostile work environment claim, Defendant is entitled to partial summary judgment given that all alleged acts comprising the hostile work environment claim occurred outside of the filing period. And because the Court finds that Plaintiff's termination was not a "direct extension of the discriminatory environment that persisted throughout [Plaintiff's] employment," the Court sees no reason to question Magistrate Judge Louis's application of *National R&R Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *See* [ECF No. 95] at 2. Plaintiff's objection on this front, then, is overruled.

Plaintiff also contends that "[t]he Court incorrectly held that [his] disparate pay claim is limited to [his] final paycheck," and that the Court's misapplication of "controlling precedent that each discriminatory paycheck constitutes a separate, actional event" requires that the statute of limitations be reset. *Id.* at 2. But it is undisputed that Plaintiff received only one paycheck during

the filing period, from June 12, 2019. As Magistrate Judge Louis correctly notes, that paycheck is the only one "he can challenge as part of his § 1981 disparate-pay claim." Rep. at 17; *see also Palmer v. Stewart Cnty. Sch. Dist.*, 215 F. App'x 822, 824 (11th Cir. 2007) (affirming ruling that a section 1981 disparate-pay claim was time-barred because the entire period during which plaintiff was allegedly paid less because of her race occurred before the filing period). Plaintiff can therefore no longer recover for paychecks tainted with alleged discrimination that were earned before July 5, 2019, because the statute of limitations for those paychecks has run. Plaintiff's objection to Magistrate Judge Louis's ruling that Plaintiff's potential recovery for disparate pay is limited to his July 12, 2019, paycheck is therefore overruled. Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Objections, [ECF No. 95], are **OVERRULED**.

2. The Report, [ECF No. 93], is **AFFIRMED AND ADOPTED**.

3. Defendant's Motion for Partial Summary Judgment, [ECF No. 44], is **GRANTED**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of March, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**